## MALONE v. MALONE.

1. TRUSTS—BILL TO ESTABLISH—EVIDENCE—SUFFICIENCY.

On a bill to establish and enforce a trust in a fund consisting of the proceeds of crops raised on complainant's farm by defendants' testator, evidence examined, and *held*, to support the claims of neither of the parties to the entire fund, but to show that there was an understanding between complainant and defendants' testator that the fund should be équitably divided.

2. JUDGMENT—CHANCERY DECREE—RELIEF DEMANDED—CONFORM-ITY TO EVIDENCE.

Complainant, entitled to an equitable interest in a fund, cannot complain of the failure of the trial court to give him any relief, where the only relief he demanded was the entire of the fund, and he presented no testimony upon which to base an award of a less amount.

3. APPEAL—CHANCERY DECREE—DENIAL OF RELIEF.

Complainant, entitled to an equitable interest in a fund, will not be denied all relief because he claimed the entire of the fund in the court below and presented no testimony upon which to base an award of a less amount, but the record will be remanded with instructions to the trial court to permit the introduction of testimony to prove the interests of the parties in the fund and to enter a decree in accordance with the facts shown by such testimony.

4. TRUSTS—ENFORCEMENT—LIEN ON LAND.

On a bill to establish and enforce a trust in a fund invested in real estate in defendants' names, the decree in complainant's favor may be made a lien on the land to be enforced as a mortgage if not paid by defendants.

5. SAME—REMEDY IN EQUITY.

Complainant, entitled to an equitable interest in a fund in the hands of defendants' testator, was not obliged to present his claim to the probate court as a creditor of testator's estate, but had a right to resort to equity to enforce the trust.

6. COSTS—APPEAL—APPELLANT AT FAULT.

On appeal from a decree dismissing a bill to establish a trust

in a fund in the hands of defendants, complainant having demanded the entire fund, though only entitled to an equitable interest therein, and having offered no testimony upon which to base an equitable division of the fund, the court, on reversing the decree and remanding the record with instructions to permit proof of the interests of the parties, awarded costs to defendants.

Appeal from the superior court of Grand Rapids; Stuart, J. Submitted November 13, 1907. (Docket No. 177.) Decided March 31, 1908.

Bill by Peter Malone against Sarah Malone, Elizabeth Malone, and Margaret Malone to compel the conveyance to complainant of certain real estate. From a decree dismissing the bill, complainant appeals. Modified and remanded.

*Martin H. Carmody*, for complainant.

*Walter I. Lillie*, for defendants.

CARPENTER, J. Complainant is the father of defendants. The controversy relates to a fund of $4,556.15, which was on deposit in bank in the name of William Malone, a son of complainant and a brother of defendants, at the time of his death, March 7, 1903. William Malone left a will whereby he devised this fund to his sisters, the defendants. The will was probated and the fund distributed to defendants and by them invested in real estate in the city of Grand Rapids. The bill prays that defendants be compelled to convey said real estate to complainant. The case was heard in the superior court on testimony taken in open court, and the bill dismissed. Complainant appeals.

The fund in controversy is the proceeds of the sale of crops raised on a certain farm in Ottawa county. Most of this farm belonged to complainant. A small portion of it belonged to his son William. Both complainant and William resided on this farm for many years. During

most of this time complainant was living with his second wife, not the mother of William and the three defendants, while William resided with his sisters, the defendants. During all this time William was the manager of the farm and gave his entire time and attention thereto. His father, the complainant, was a plasterer and carried on his trade in the city of Grand Rapids.

The determining question in this case is this: What was the arrangement between complainant and William whereby the latter carried on the farming operations? Complainant insists that that arrangement gave him the entire proceeds of the crops after the expenses were paid. Defendants insist that that arrangement gave the entire proceeds to William. We can agree with neither of these contentions. Neither of them is probable and neither is established by convincing testimony. We are convinced that there was an understanding that the proceeds of the crops should be divided, and that William held the fund in controversy in pursuance of that understanding, but we are bound to say that there is no credible testimony tending to prove what share each should have therein. In accordance with this understanding, the fund should be divided between the parties and upon the assumption that their respective rights are determined by no express agreement. Under these circumstances it may be presumed that there was an implied agreement to divide this fund on an equitable basis; that is, according to the value of the respective contributions of each party thereto. A decree so dividing it is the appropriate decree to be made in this case. It must be said, however, that neither the trial court nor this court can, upon this record, enter such a decree. In the trial court, as in this court, complainant's sole claim was that the entire fund belonged to him. Neither his testimony nor that of the defendants affords data by which the fund can be equitably divided. The value of their respective contributions cannot be definitely ascertained. Upon such a record complainant cannot complain that the trial court gave him no relief. He

asked the trial court to give him the entire fund.   He presented no testimony whereby he could be awarded a less amount.   He made no claim for a less amount.   The trial court could not give him the only relief he asked, and therefore, as above stated, he could not complain that he received nothing.   We think, however, that it would be unjust to deprive complainant of what he is entitled to have—the equitable portion of this fund—merely because he claimed the entire fund.   We are therefore of the opinion that the record should be remanded with instructions to the trial court to permit the parties to take additional testimony tending to prove the value of the respective contributions to this fund, and also with instructions to enter a decree in accordance with the facts shown by such testimony.   The decree in complainant's favor may be made a lien on the real estate in which the fund is invested, and if not paid by defendants it may be enforced as if it were a mortgage thereon.

Defendants urge that complainant should have presented his claim to the probate court and has no standing in a court of equity.   This would be true if he were merely a creditor of his son's estate.   But he is more than that.   The testimony that both he and his son regarded the fund in controversy as a trust fund is convincing, and under these circumstances he has a right to resort to equity to enforce that trust.   See *Richardson* v. *Richardson*, 100 Mich. 373.

Defendants contend that complainant had no claim upon the real estate in which the money was invested, because he assented to said investment in the name of defendants.   We reject this contention because we do not believe complainant assented to such investment.

In so far as the decree of the trial court denies the right of complainant to the entire fund in controversy, it is affirmed.   We do not, however, affirm that portion of the decree dismissing complainant's bill of complaint.   Instead of dismissing the bill, the record is remanded for further proceedings in accordance with this opinion.   It

is due to complainant's own conduct that he was compelled to take this appeal, and therefore we award defendants costs of this court. The costs in the trial court may be determined by the final decree therein rendered.

GRANT, C. J., and BLAIR, MOORE, and MCALVAY, JJ., concurred.