VERMONT MARBLE CO. *v.* SPAFFORD.

RECEIVERS—PARTNERSHIP—EXECUTORS AND ADMINISTRATORS.

Creditors of a partnership are entitled to the appointment of a receiver of the firm assets where, after the death of one partner, the other continued the business and made a contract with the heirs of the deceased partner, conveying to them his interest in the business which they continued until after the decease of the survivor, and where they subsequently procured the appointment of an administrator of the estate of the first deceased partner and turned over to him all the firm assets.

Appeal from Eaton; Smith, J. Submitted April 14, 1910. (Docket No. 112.) Decided September 27, 1910.

Bill by the Vermont Marble Company against Charles D. Spafford and others for an accounting and for the appointment of a receiver. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

*Elmer N. Peters*, for complainant.

*Lyman D. McCall*, for defendants.

MOORE, J. The following statement of facts was prepared in the main by counsel for appellant; but it is borne out by the record: The complainant is a corporation organized under the laws of the State of Vermont. For several years previous to the 7th day of November, 1905, George W. Loomis and Richard Venn were copartners and engaged in business; the firm name being Loomis & Venn. In November Mr. Loomis died. At the time of his death the firm was indebted to various people, and owed the complainant $896.56, which still remains unpaid.

The surviving partner, Richard Venn, did not wind up the partnership business, but continued to carry it on

under the firm name of Loomis & Venn, with the consent and assistance of Adeline E. Loomis, widow, and Richard N. Loomis, son, of George W. Loomis, deceased. The last-named persons until the 1st of May, 1909, took part in the management and helped to conduct the business; Mrs. Loomis contributed some money, the amount as claimed by her being $336.65, and Richard N. Loomis contributing his personal services. In May, 1907, Richard N. Loomis and Adeline E. Loomis, parties of the second part, and Richard Venn, party of the first part, entered into a contract in writing, by the terms of which Mr. Venn conveyed to Mrs. Loomis and her son all of his interest in the partnership property—

"Now in and about the store and business occupied and used by the parties hereto in carrying on their business of manufacturing and selling monuments in the city of Charlotte."

By the terms of this agreement Mr. Venn, who was the father of Mrs. Loomis, was to be paid $12 a week during his life, and was to have in effect the right to assist and advise in the management of the business; and Mrs. Loomis and her son were to pay all of the firm debts, and, upon the death of Mr. Venn, and the performance of these conditions, were to be the owners of the property. The contract contained a mortgage clause to secure the performance of the terms of the contract. Mrs. Loomis and her son went into possession of the property under this agreement and continued in possession until about the 9th day of December, 1908. July, 1908, Richard Venn died. After his death Mrs. Loomis and her son continued in possession of the property, claiming to be the owners thereof under their contract with Mr. Venn.

After the death of Mr. Venn and on the 28th day of July, the defendants Richard N. Loomis and Adeline E. Loomis caused their attorneys to write letters to all of the creditors of the firm of Loomis & Venn, claiming to have been the partners of Venn in the firm of Loomis & Venn,

and claiming also to own Venn's interest in the firm business by virtue of their contract and to have performed all of the conditions of the contract except the payment of the firm debts, and asking creditors to forbear presenting claims against the estate of Venn and to grant to the Loomises an extension of time. The complainant in this case received one of these letters and agreed to withhold any action to enforce collection of their claim. On the 30th day of November, 1908, Adeline E. Loomis filed a petition for administration of the estate of George W. Loomis, deceased, and on the 9th day of December, 1908, one O. E. Packard was appointed special administrator of this estate; Richard N. Loomis and Adeline E. Loomis at once turning over to Packard all of the property then in their hands connected with the partnership business that had been conducted under the firm name of Loomis & Venn. On the 11th day of January, 1909, O. E. Packard, special administrator, turned this property over to Charles D. Spafford, who had been appointed general administrator of the estate of George W. Loomis. This property has been treated by both of the administrators as a part of the separate, individual estates of George W. Loomis, deceased, and Richard Venn, deceased. It was inventoried as such by the defendant Spafford, and all of it, with the exception of book accounts, was sold by Spafford under an agreement with Jordan, administrator of the Venn estate, for the sum of $1,750, and was divided equally as per previous arrangements between these two administrators; and the defendants Spafford and Jordan claim the right to hold this property as belonging to each of these two estates in equal shares, and assert that they expect to distribute it among creditors under an order of the probate court after paying the expenses and whatever allowances may be made for the widows of said partners. The total amount or value of this property that has come into the hands of these two administrators, as claimed by them in paragraph 25 of their answer, is the sum of $1,880, in addition to which they claim there is about

$566.96 in book accounts, estimated to be worth 50 cents on the dollar. A part only of the firm debts is shown by this record, of which $1,288.48 is owing to the complainant. The other indebtedness shown by this record brings the total up to about $2,773.56, which is several hundred dollars in excess of the total amount of the assets in the hands of the administrator. From the time of the death of George W. Loomis until the property was turned over to the special administrator of his estate, this business was conducted as a going business. After the agreement between Mr. Venn and defendants Richard N. and Adeline E. Loomis, in May, 1907, goods were sold, bought, and retailed in the regular way. Some of the old debts had been paid, and new obligations incurred, and the stock was larger at the time Packard took possession of it than it was on the 1st of May, 1907, the date of the contract between Venn and the Loomises.

This bill of complaint was filed for the purpose of having a receiver appointed who should take charge of the assets and distribute them among the creditors of the firm of Loomis & Venn. The trial judge was of the opinion that the various shifts that were made in the business was in effect a continuation of the business of the old firm of Loomis & Venn, and in no way affected the rights of the creditors of that firm. He further expressed himself as follows:

"I cannot see how complainant, or other creditors, can be harmed by permitting the probate court to close up and settle these estates. The property involved, viz., the avails of the sale of stock, book accounts, etc., in my view of the case is partnership property, subject only to partnership debts, and it is not to be inferred that illegal claims will be proven and allowed to stand as claims against the said fund of these estates, in the probate court."

He made a decree dismissing the bill of complaint. The case is brought here by appeal.

Counsel for defendants in his brief says:

" I shall take up but little space in discussing this most extraordinary case, for the reason that the complainant is contending in principle for the same thing that the defendants Spafford and Jordan are; that is, that this fund now in their hands is a fund belonging to the creditors of the late firm of Loomis & Venn and which they intend to so treat if they can be permitted to do so."

There is no serious dispute about the facts. It very clearly appears that, treating all these funds as assets of the firm of Loomis & Venn, there will not be sufficient to pay the creditors of Loomis & Venn. This being the situation, it is difficult to see how there is any fund which belongs to the administrator of George W. Loomis, deceased, as an individual, or to the administrator of Richard Venn, deceased, as an individual. It is also difficult to see how claims of the creditors of Loomis & Venn can be presented and allowed in the probate court against the individual estate of George W. Loomis or against the individual estate of Richard Venn. We think a receiver should have been appointed as prayed. See *Malone* v. *Malone*, 151 Mich. 680 (115 N. W. 716).

The decree is reversed, with costs. A decree may be entered in accordance with the opinion.

OSTRANDER, HOOKER, MCALVAY, and BROOKE, JJ., concurred.